Filed 8/27/20  P. v. Grant CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DAVID GRANT,<br><br>    Defendant and Appellant. | B303037<br><br>(Los Angeles County<br>Super. Ct. No. MA063572) |

APPEAL from an order of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Dismissed.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Nancy Loo Ladner, Deputy Attorneys General for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant appeals the trial court's denial of his motion to modify his sentence some five years after its imposition. His motion was directed to the court's $5,000 restitution fine and $140 in assessments. Defendant contends that the trial court's imposition of the fine and assessments without holding an ability-to-pay hearing violated his constitutional right to due process under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Because the trial court lacked jurisdiction to grant the relief requested in defendant's motion, we dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

In 2014, defendant was convicted of two counts of second degree robbery. In 2015, the trial court sentenced defendant to 13 years in prison and ordered him to pay $140 in court assessments, a $5,000 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), and a $5,000 parole restitution fine.[1] The parole restitution fine was stayed. In August 2015, shortly after he filed his Notice of Appeal of the underlying conviction, defendant asked the trial court to reduce the restitution fine, which at $5,000 was within the $200 to $10,000 statutory range. On August 14, 2015 the trial court denied the request. The court ruled: "imposition of the victim restitution fine, ranging between $200 and $10,000 is mandatory, was lawfully imposed, and cannot be waived absent compelling and extraordinary circumstances. The court finds defendant has not established a prima facie showing for modification. Inability to pay does not alone, amount to compelling and extraordinary

---

[1] The assessments consisted of an $80 court security assessment pursuant to Penal Code section 1465.8, subdivision (a)(1), and a $60 criminal conviction assessment pursuant to Government Code section 70373.

All subsequent statutory references are to the Penal Code.

circumstances for modifying or waiving the mandatory fine." The court also found that defendant failed to "show the existence of any issue with a reasonable potential for success in support of his claims of ineffective assistance of trial [counsel]."

In 2017, this division affirmed defendant's convictions in an unpublished opinion. (*People v. Grant* (Jan. 9, 2017, B265788) 2017 WL 76959.) In that appeal, defendant did not challenge, and we did not address, the restitution fine or assessments. Later that year, the California Supreme Court denied defendant's petition for review (case No. S239859), and the remittitur was issued.

In January 2019, long after defendant's appeal was final, Division Seven of this court issued its opinion in *Dueñas*, which held that, even though the restitution fine was mandatory under the statute, "the court must stay the execution of the fine until and unless the People demonstrate that the defendant has the ability to pay the fine." (*Dueñas, supra,* 30 Cal.App.5th at p. 1172.)

On October 15, 2019, defendant filed in the trial court a pro per petition to modify the restitution fine. Defendant argued that the fine imposed violated due process because the trial court did not conduct an "ability to pay" hearing pursuant to *Dueñas*. On November 7, 2019, the trial court denied the motion without explanation.

Defendant appeals.[2]

---

[2]     It is unclear whether defendant's appeal also encompasses the $140 in assessments. The notice of appeal only refers to the restitution fine, as does the trial court's order. We treat the appeal as only from the denial to modify the restitution fine, but our analysis would be the same for the assessments.

3

## *DISCUSSION*

Defendant contends the trial court erred in denying his 2019 motion to modify the restitution fine, arguing that the imposition of the $5,000 restitution fine and $140 in assessments violated due process under *Dueñas*. The People respond that the appeal must be dismissed because the trial court lacked jurisdiction to entertain defendant's postjudgment motion.

We begin our analysis with the observation that, generally, "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.] If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*); *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1207-1208 [applying the general rule to a request to modify a restitution fine].) It is undisputed that the execution of defendant's sentence began before he filed the October 2019 motion.

The timing of defendant's motion meant that trial court lacked jurisdiction to entertain the motion unless an exception applied. On appeal, defendant points to a single exception — the trial court had jurisdiction to hear the motion under Penal Code section 1237.2.[3]

Section 1237.2 implements the policy that appeals should be avoided where the sole ground for relief is the amount of fees and other costs imposed on the defendant. (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 38.) The statute provides: "An appeal

---

[3]     Defendant does not rely on any of the other exceptions mentioned in *Torres* (*Torres, supra,* 44 Cal.App.5th at p. 1085), nor do we address them.

4

may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. *The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.* This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal." (§ 1273.2 (italics added).)

Earlier this year, our colleagues in Division One expressly rejected the very argument that defendant now makes. In *Torres,* the court held that the second sentence, which creates the exception for trial court retention of jurisdiction, does not apply where the defendant makes a post-appeal *Dueñas* challenge of his restitution fine. (*Torres, supra,* 44 Cal.App.5th at p. 1088.) That is exactly what defendant did here. In dismissing the defendant's appeal, the *Torres* court relied in part on the legislative history of section 1273.2. The second sentence of the statute was proposed by the California Public Defenders Association to address its concern that "a defendant who belatedly discovers an erroneous fine could be left without a remedy if he or she is precluded under the proposed law from challenging the fine on appeal (for failing to raise it in the trial court) and precluded from correcting the error in the trial court because that court had lost jurisdiction over the case." (*Id.* at p. 1087.)

The *Torres* court explained: "The legislative history thus reveals that a primary purpose of section 1237.2 is to encourage

5

and facilitate the prompt and efficient resolution in the trial court of challenges to fines, assessments, and fees that would otherwise be asserted on direct appeal; and the statute's second sentence furthers that purpose by giving trial courts the power to resolve such challenges notwithstanding the pending appeal. That purpose is not served by extending the trial court's jurisdiction to motions made after the conclusion of the direct appeal." (*Torres, supra,* 44 Cal.App.5th at p. 1087.)

We agree with *Torres*, and hold that section 1237.2 does not confer jurisdiction upon the trial court where, as here, a defendant's direct appeal is final.

Defendant claims that he may raise the *Dueñas* issue at any time because that part of his sentence is "unauthorized." His argument, virtually devoid of authority, is limited to: "Furthermore, appellant argues that this appeal is appealable because imposition of fines without an ability to pay finding is an unauthorized sentence because it violates due process under the state and federal constitutions. (*People v. Superior Court* (_Kaulick_) (2013) 215 Cal.App.4th 1279, 1295, fn. 15.) (*Kaulick*)."[4]

*Kaulick* addresses neither *Dueñas* nor unauthorized sentences. Its reference to due process was limited to a party's right to notice of a hearing. (*Kaulick, supra,* 215 Cal.App.4th at

---

[4] The only part of *Kaulick* that defendant cites in his opening brief is to footnote 15 (repeated in his Reply Brief but without reference to the footnote). The entirety of the *Kaulick* footnote is: "As noted, we will conclude that the sentence modification in this case was unlawful. In any event, a claim of an unlawful sentence is appealable, even though the court may ultimately conclude that the sentence was not unlawful. (6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 86, p. 361.)" (*Kaulick, supra,* at p. 1295, fn. 15.) This passage deals with the People's right to appeal; it nowhere mentions *Dueñas* nor the issues presented in the current appeal.

pp. 1297-1298.)  The proceeding before the court in *Kaulick* was a petition for resentencing in which a defendant asked the trial court to strike a third strike under Proposition 36, the Three Strikes Reform Act of 2012.  The principal issues on appeal were the People's rights to notice of the hearing on the petition and to seek appellate review of the ruling.  The appellate court held, succinctly, "The trial court should not have granted Kaulick's petition for resentencing under the Act without insuring that the District Attorney had received notice and an opportunity to be heard on the issue of dangerousness." (*Id.* at p. 1285.)  The court issued a writ of mandate vacating the trial court's resentencing order.  (*Id.* at pp. 1295-1296.)

Because the trial court lacked jurisdiction to hear defendant's petition, the order denying the petition is a nonappealable order, and the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.


RUBIN, P. J.

WE CONCUR:


MOOR, J.



KIM, J.


7